Ducker, Judge:
The claimant, Everett L. Parrish, alleges in his petition that he was Executive Director of the West Virginia State Aeronautics Commission from March 16, 1962 until February 28, 1967, and that at the time he resigned that position he had 35% days of accrued annual leave, which included three holidays, and that on the basis of his salary payment he was entitled to receive for said leave time the sum of $1,650.00. The claimant applied to the Aeronautics Commission for payment of this claim and the claim was submitted by the Aeronautics Commission to the Attorney General for his opinion as to the legality of the claim. The Attorney General advised the Commission that it could not legally pay the claim because the claimant was an appointive officer and not such a state employee as was entitled to such leave pay under the provisions of the Rules and Regulations of the Board of Public Works of West Virginia. So now this claim is now filed with this Court for a determination of the question.
There is no denial of the facts involved herein, as it appears from the testimony of the witnesses for the claimant that a record was made of the various days for which there has been an accrual of annual leave time and that the claimant has not been paid anything on this account.
Claimant in his testimony taken before this Court admits that the Aeronautics Commission appointed him Executive Director, that the Commission is composed of five members, and he was not an appointee of the Governor or otherwise what he describes as a political appointee, but he says that he was a regular employee and that accurate records, were kept of his time, and that it had been the custom for previous Executive *90 Directors of the Aeronautics Commission to be paid annual leave time in the same manner as he now claims he is entitled to be paid.
The rules and regulations governing West Virginia personnel, as issued by the Board of Public Works in the paragraph relating to annual leave, provide as follows: “Annual leave regulations shall not apply to elected or appointed state officials.”
Any question of the number of leave time days involved is rendered immaterial, if this case is within the exception cited in the rules to the effect that no elective or appointive officers are entitled to payment for such annual leave time. The facts are conclusive in our opinion that the claimant was an appointive officer and not an ordinary state employee as contemplated in the rules. There is no specification in the rules that an appointive officer is only one appointed by the Governor. Various Commissions of the State have the power to appoint their officers, such as was given to the State Aeronautics Commission to appoint its Executive Director. The reason for such exception to the rules relating to payment for annual leave is no doubt based upon the primary fact that one in an executive position, such as the Executive Director in this case, is not paid on any hourly or daily basis, although the Commission may have had its own regulation to the effect that the Director should serve 5% days per week. The very nature of any such office, in every reasonable contemplation, may involve many hours one week and much less another week, or so on from month to month or even from year to year. The fact that previous holders of a position had been granted payment for allowed annual leave time does not justify this Court in following such a precedent when to do so would again violate the law.
We are of the opinion that the advice given by the Attorney General to the Aeronautics Commission that it was improper for it to pay for annual leave because it would be contrary to the letter and intent of the rules and regulations promulgated by the Board of Public Works, is correct.
We are therefore of the opinion that claimant is not entitled to compensation from the State on his claim and the same is hereby disallowed.
Claim Disallowed.